**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS  DIVISION**

| | | |
|---|---|---|
| **DANIEL MATEO ALVAREZ** | ) | |
| | ) | |
| **v.** | ) | **3-06-CV-1505-L** |
| | ) | |
| **NATHANIEL QUARTERMAN, Director,** | ) | |
| **Texas Department of Criminal Justice** | ) | |
| **Correctional Institutions Division** | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the court in implementation

thereof, this case has been referred to the United States Magistrate Judge.  The findings, conclusions

and recommendation of the Magistrate Judge are as follows:

**FINDINGS AND CONCLUSIONS**:

**Type Case**: This is a petition for habeas corpus relief filed by a State inmate pursuant to 28

U.S.C. § 2254.

**Parties**: Petitioner is an inmate confined at the Lynaugh Unit of the Texas Department of

Criminal Justice, Correctional Institutions Division at Fort Stockton, Texas, serving a conviction for

the offense of aggravated sexual assault of a child under fourteen.

Respondent is the Director of the Texas Department of Criminal Justice, Correctional

Institutions Division.

**Statement of the Case**: Upon his plea of not guilty to the offense of aggravated sexual

assault of a child under the age of fourteen years as charged in the indictment returned in Cause No.

F-0271617-RI Petitioner was tried by a jury which found him guilty and thereafter assessed

punishment at a term of 40 years imprisonment.

Alvarez effected a direct appeal and on May 26, 2005, the Fifth Court of Appeals affirmed

his conviction in an unpublished opinion.  Thereafter the Texas Court of Criminal Appeals refused

Alvarez's petition for discretionary review on November 2, 2005.  On January 3, 2006, Petitioner

filed a state writ application pursuant to art. 11.07, Texas Code of Criminal Procedure, which was

denied by the Court of Criminal Appeals without written order on the findings of the trial court

without a hearing on July 19, 2006.  Alvarez then filed the present § 2254 petition.

**Findings and Conclusions**: In his first ground for relief Alvarez alleges that he was denied

the effective assistance of trial counsel because counsel failed to fully investigate the facts in an

effort to show that a person other than Petitioner had committed the aggravated sexual assault on

the victim.  The trial record reflects that a strand of hair, which was not attributable to Petitioner as

the source, was recovered from the victim during a genital examination at the hospital.  The

examination also resulted in a determination that the victim had "resolving herpes lesions."  Finally,

a blood sample obtained from Alvarez pursuant to a warrant was positive for antibodies for herpes

simplex one.[1]  Petitioner's argument that the hair sample was a pubic hair finds no support in the

record.  See Testimony of Marvin Culbertson at Reporter's Record, Vole. 3 at 203.  Further, his

claim that he did not suffer from herpes is directly refuted by the record.  Reporter's Record Vol.

6, State's Exhibit 13 and Testimony of James Taylor at Reporter's Record Vol. 4 at 26.

In his findings on which the Court of Criminal Appeals denied relief, the trial court applied

the Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052 (1984), analysis and found his

ineffective assistance of counsel claim to be without merit.  See WR-64,539-01 at 038-39, ¶ 1.  The

trial court noted also that among the evidence presented was Petitioner's confession.  Although the

---

[1]The relevant facts are summarized in the Fifth Court of Appeals opinion.  A more detailed summary is found in the respective direct appeal briefs of the parties.

issue presents both issues of law and fact, this court is bound by the facts found by the state court. This ground is patently frivolous. Moreover, since Alvarez has satisfied neither 28 U.S.C. § 2254(d)(1) or (2), federal habeas corpus relief is foreclosed. See e.g. Yarborough v. Gentry, 540 U.S. 1, 124 S.Ct. 1 (2003).

In his second ground for relief Petitioner complains about an evidentiary ruling of the state trial judge in admitting the testimony of the "outcry witness", Jaime Sharp, pursuant to art. 38.072, Section 2, Texas Code of Criminal Procedure. This ground was presented as a point of error in Alvarez's direct appeal and found to be without merit. See No. 05-03-01422-CR, opinion filed on May 26, 2005, at pages 4-6. A mere error by a state court in applying the state's evidentiary rules fails to present a cognizable basis for federal habeas corpus relief absent a showing that the error, if any, was so extreme as to constitute a denial of fundamental fairness. See Little v. Johnson, 162 F.3d 855, 862 (5th Cir. 1998). In light of the victim's trial testimony as well as Petitioner's incriminating statement which was before the jury, he cannot show that Jaime Sharp's testimony constitutes denial of fundamental fairness.

However, more to the point and dispositive of this ground is the fact that it fails to present a cognizable claim under the Confrontation Clause of the Sixth Amendment. In California v. Green, 399 U.S. 149, 161, 90 S.Ct. 1930, 1936 (1970), the Court observed that: "[N]one of our decisions interpreting the Confrontation Clause requires excluding the out-of-court statements of a witness who is available and testifying at trial." See also Crawford v. Washington, 541 U.S. 36, 60 n. 9, 124 S.Ct. 1354, 1369 n. 9 (2004) where the Court cited California v. Green, supra. noting inter alia that: "[W]hen the declarant appears for cross-examination at trial, the Confrontation Clause places no constraints at all on the use of [her] prior testimonial statements." (Emphasis added). The testimony

of the "outcry witness" related to statements made by the sexual assault victim who appeared and

testified herself in the prosecution's case-in-chief, thereby obviating any possible Confrontation

Clause violation.

**RECOMMENDATION**:

For the foregoing reasons it is recommended that the petition be denied and dismissed.

A copy of this recommendation shall be transmitted to Petitioner and counsel for

Respondent.

SIGNED this 1st day of February, 2007.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten (10) days after being served with a copy of this recommendation.  Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a de novo determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.