IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DANIEL MATEO ALVAREZ, | § |
| | § |
| Petitioner, | § |
| | § |
| | §   Civil Action No. 3:06-CV-1505-L |
| | § |
| NATHANIEL QUARTERMAN, Director, | § |
| Texas Department of Criminal Justice, | § |
| Correctional Institutions Divisions, | § |
| | § |
| Respondent. | § |

**ORDER**

Before the court is Petitioner's Motion for Reconsideration, filed March 9, 2007. After careful consideration of the motion, record, and applicable law, the court **grants** Petitioner's Motion for Reconsideration, **vacates** its February 22, 2007 order and judgment, considers Petitioner's objections, and again **accepts** the magistrate judge's findings and conclusions.

**I.    Factual and Procedural Background**

Petitioner filed a habeas petition pursuant to 28 U.S.C. § 2254, which was referred to Magistrate Judge Wm. F. Sanderson, Jr. for proposed findings and recommendation. Magistrate Judge Sanderson issued his Findings, Conclusions, and Recommendations on February 1, 2007, and the court accepted the findings and recommendations and entered judgment dismissing the petition on February 22, 2007. Petitioner now seeks relief from the judgment, arguing that his failure to timely object to Magistrate Judge Sanderson's findings and recommendations was excusable neglect.

Order – Page 1

## II.     Motion for Reconsideration under Rule 60(b).

Though styled as a "Motion for Reconsideration," Petitioner specifically refers to Rule 60(b) of the Federal Rules of Civil Procedure and argues that his failure to timely object to the magistrate judge's findings and recommendations was excusable neglect. District courts have "considerable discretion in deciding whether to grant or deny a motion to alter a judgment." *Hale v. Townley*, 45 F.3d 914, 921 (5th Cir. 1995). In exercising this discretion, a district court must "strike the proper balance between the need for finality and the need to render just decisions on the basis of all the facts." *Id.* Rule 60(b) provides that "the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: . . . (1) mistake, inadvertence, surprise, or excusable neglect."

Petitioner's objections to the magistrate judge's findings and recommendations were filed on March 9, 2007. To be timely, his objections should have been filed no later than February 15, 2007. Petitioner argues that his failure to timely file objections to the magistrate judge's findings and recommendations was excusable neglect for two reasons. First, the prison unit where he is incarcerated went into institutional lock-down for several days and he was denied access to the prison law library. Second, he claims that he timely mailed his objections to the magistrate judge's findings and recommendations, but his mail was returned as undeliverable despite correctly addressing his envelope to the clerk of this court.

The court finds that Petitioner's proffered reasons for his failure to timely object to the magistrate judge's findings and recommendations are excusable neglect, and accordingly, **grants** his motion to reconsider its judgment dismissing his case. Accordingly, the court **vacates** its

February 22, 2007 order and judgment dismissing Petitioner's habeas petition, and now reconsiders the magistrate judge's findings and recommendations in light of Petitioner's objections.

## III.     Reconsideration of the Magistrate Judge's Findings and Objections.

The magistrate judge found that Petitioner's petition for writ of habeas corpus brought under 28 U.S.C. § 2254 should be denied and dismissed.  Petitioner raised two grounds for relief in his habeas petition:  ineffective assistance of counsel and the improper use of hearsay testimony. Magistrate Judge Sanderson concluded that Petitioner's ineffective assistance claim was "patently frivolous" and that his hearsay objection failed to rise to the level of a denial of "fundamental fairness" that may warrant federal habeas relief.

Petitioner's Written Objections to Magistrate Judge's Report and Recommendation are little more than a restatement of the issues raised in his habeas petition.  Having carefully considered Petitioner's Objections, the court determines that they should be overruled.  Petitioner has failed to establish that his counsel was ineffective or that the state court made a procedural error that was a denial of fundamental fairness.

In short, having carefully considered the magistrate judge's findings and conclusions, Petitioner's objections, the record and the applicable law, the court determines that the magistrate judge's findings are correct, and accordingly **accepts** them as those of the court.  Petitioner's objections are **overruled**.  Final judgment will issue by separate document.

**It is so ordered** this 19th day of April, 2007.

Sam A. Lindsay
United States District Judge